IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, TOBY KOTH, VERN BAUMAN, and DAN BREJC as Trustees of THE FOX VALLEY LABORERS' HEALTH AND WELFARE FUND,<br><br>and<br><br>MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, TOBY KOTH, VERN BAUMAN, and DAN BREJC as Trustees of THE FOX VALLEY LABORERS' PENSION FUND,<br><br>    Plaintiffs,<br><br>    v.<br><br>DAN CASPERS, individually and d/b/a Creative Masonry,<br><br>    Defendant. | FILED: AUGUST 22, 2008<br>08CV4818<br>JUDGE ASPEN<br>MAGISTRATE JUDGE BROWN<br>BR<br><br>Case No.<br><br>Judge |

### COMPLAINT

Plaintiffs Mike Shales, John Bryan Sr., Al Orosz, Toby Koth, Vern Bauman, and Dan Brejc as Trustees of the Fox Valley Laborers' Health and Welfare Fund ("Welfare Fund"), and Mike Shales, John Bryan Sr., Al Orosz, Toby Koth, Vern Bauman, and Dan Brejc as Trustees of the Fox Valley Laborers' Pension Fund ("Pension Fund"), through their attorneys Dowd, Bloch & Bennett, by way of its complaint against Defendant Dan Caspers, individually and d/b/a Creative Masonry, state:

### FAILURE TO SUBMIT TO A PAYROLL AUDIT

1.  The Welfare Fund and Pension Fund (collectively, "Funds") are multiemployer benefit plans within the meaning of Sections 3(3) and 3(37) of the Employee Retirement Income

1

Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1002(3) and (37A).  The Trustees and the Funds maintain offices and conduct business within this district.

2. Defendant Dan Caspers is the owner of Creative Masonry, an unincorporated firm located and doing business in Illinois.  At all relevant times, Defendant was doing business within this district and was an employer within the meaning of ERISA Section 3(5), 29 U.S.C. § 1002(5) and Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a).

3. Jurisdiction and venue are vested in this Court under ERISA Sections 502(e)(1) and (2), 29 U.S.C. §1132(e)(1) and (2), and LMRA Sections 301(a) and (c), 29 U.S.C. §185(a) and (c).

4. The Construction and General Laborers' District Council of Chicago and Vicinity ("District Council") is a labor organization within the meaning of LMRA Section 101, 29 U.S.C. § 152(5), that maintains its principal offices in this district.

5. The District Council and Defendant are now and at all relevant times have been parties to successive collective bargaining agreements (herein "Agreement") which, among other things, obligate Defendant to make monthly contributions to the Funds on behalf of employees covered by the Agreement for health and welfare and pension benefits; the Agreement also requires Defendant to submit monthly remittance reports in which Defendant, *inter alia,* identifies the employees covered under the Agreement and the amount of contributions remitted to the Funds on behalf of each covered employee.

6. Pursuant to the Agreement, Defendant must also pay contributions for each hour worked by its employees to the Funds.  Defendant is required to remit contributions to the Funds

along with a remittance report. Employers who fail to report and/or remit contributions are liable for interest on the delinquent contributions, an additional 20% in liquidated damages once a lawsuit is filed, and all costs of collection, including reasonable audit expenses, attorneys' fees, and court costs.

7. Pursuant to the Agreement, the Funds' Trust Agreements to which Defendant is bound, and ERISA, Defendant Company is required to allow authorized representatives of the Funds to inspect and audit payroll records to ensure the proper payment of health and welfare, pension, and affiliated organization contributions in accordance with the Agreement.

8. Notwithstanding its obligations to submit to an audit, Defendant has refused to allow the Funds' auditors access to all relevant portions of Defendant's books and records for the purpose of inspecting and auditing Defendant's payroll records and other documents or to otherwise provide relevant books and books and records necessary for the Funds' auditors to complete a payroll audit.

9. Defendant's refusal to provide all documents necessary for completion of the audit, including but not limited to 1099's, cash disbursements and other payroll records, to the Funds' auditors, constitutes a breach of the Agreement and is actionable under LMRA Section 301, 29 U.S.C. § 185 and ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3).

10. Under ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), the terms of the Agreement, and the Funds' and Affiliated Organizations' governing trust documents, the Company is liable to the Funds for reasonable attorneys' fees and court costs arising from this lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request a judgment against Dan Caspers, individually and d/b/a Creative Masonry, as follows:

(a) Finding that Dan Caspers, individually and d/b/a Creative Masonry, violated the Agreement;

(b) Ordering Dan Caspers, individually and d/b/a Creative Masonry, to provide all necessary access to all relevant records including, but not limited to, payroll documents, cash disbursements, and 1099s for the period of August 1, 2006 to the present;

(c) Ordering Dan Caspers, individually and d/b/a Creative Masonry, to pay all amounts shown to be owed by the payroll audit, including contributions, interest, liquidated damages, and audit fees;

(d) Ordering Dan Caspers, individually and d/b/a Creative Masonry, to pay the Funds' attorneys' fees and costs incurred as a result of this lawsuit; and

(e) Granting all other such legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

s/Steven W. Jados
Steven W. Jados
One of Plaintiffs' Attorneys

J. Peter Dowd
Michele M. Reynolds
LaKisha M. Kinsey-Sallis
Steven W. Jados
**DOWD, BLOCH & BENNETT**
8 South Michigan Avenue, 19th Floor
Chicago, Illinois 60603
(312) 372-1361